**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JARROW FORMULAS, INC., a California corporation, | No. 11-55751 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00801-JST-SS |
| v. | MEMORANDUM* |
| STEADFAST INSURANCE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted February 6, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

The district court granted summary judgment to Steadfast Insurance Company.

We have jurisdiction over Jarrow Formulas, Inc.'s appeal under 28 U.S.C. § 1291, and

review the "district court's grant of summary judgment de novo." *Dawson v. Entek*

*Int'l*, 630 F.3d 928, 934 (9th Cir. 2011).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The sole issue is whether the complaint in the underlying lawsuit between Bio Minerals n.v. and Jarrow potentially stated a claim for product disparagement and thus triggered Steadfast's duty to defend. *See Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 983 (9th Cir. 2002) (noting that to determine whether an insurer has a duty to defend, the court compares the complaint to the policy terms).

Even in light of the broad duty of insurers to defend, *see id.*, the district court did not err in concluding that Steadfast appropriately denied coverage. The complaint's allegations that Jarrow "passed off" its product to consumers do not involve false or misleading statements about Bio Minerals' product. *See Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 972 (9th Cir. 1994). Jarrow never mentioned the Bio Minerals supplement in its advertising, nor did Jarrow suggest that its supplement was superior to others. *See Hartford Cas. Ins. Co. v. Swift Distrib. Inc.*, 148 Cal. Rptr. 3d 679, 688 (Cal. Ct. App. 2012). Rather, Jarrow's advertisement simply referred to a study about the effect of the Bio Minerals supplement on calf skin. The advertisement could not reasonably be construed as impliedly disparaging the Bio Minerals supplement. Finally, the underlying complaint does not suggest that Jarrow impliedly disparaged the Bio Minerals supplement by associating it with the Jarrow supplement, because there are no allegations that Jarrow's supplement was inferior.

2

**AFFIRMED.**